WO                                                                                               SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Dimas Bernal,<br><br>　　　　　　Petitioner,<br>v.<br><br>William P. Barr, et al.,<br><br>　　　　　　Respondents. | No. CV-20-01164-PHX-MTL (CDB)<br><br>**ORDER** |

On June 11, 2020, Petitioner Omar Dimas Bernal, who is detained in CoreCivic's La Palma Correctional Center (LPCC) in Eloy, Arizona, filed, through counsel, a "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" ("Petition and Complaint") (Doc. 1) and a Motion for Preliminary Injunction and/or Temporary Restraining Order ("Motion") (Doc. 2). Petitioner seeks a writ of habeas corpus and declaratory and injunctive relief to remedy his allegedly unlawful detention and to enjoin Respondents from "continuing to deny his release." (Doc. 1 at 1.) Petitioner alleges that he is at imminent risk of death if he contracts COVID-19 due to his underlying medical conditions and seeks release pending adjudication of his humanitarian parole request. Petitioner claims Respondents have arbitrarily and capriciously failed to adjudicate his humanitarian parole request, or in the alternative, arbitrarily and capriciously denied his humanitarian parole request. The Court will deny the Motion and will require Respondents to answer the Petition.

. . . .

## I.   Background

Petitioner is a native and citizen of Mexico, who has resided in the United States since he entered the country at the age of four; he has since graduated from Shadow Mountain High School in Phoenix, Arizona. (Docs. 1 ¶ 6; 1-1 at 32-33.) In 2019, Petitioner was charged in Maricopa County Superior Court case# CR 2019-156312 with possession or use of narcotic drugs with an offense date of December 10, 2019.[1] Petitioner was then detained and served with a Notice to Appear charging him as removable under Immigration and Nationality Act (INA) § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Doc. 1 ¶ 20.)

On March 16, 2020, an Immigration Judge (IJ) denied bond. (Doc. 1 ¶ 16.) On March 23, 2020, Petitioner filed an I-589 application for asylum based on his status as a transgender gay male.[2] (*Id.* ¶ 6.) In the Petition and Complaint, Petitioner states that his Individual Hearing on the merits of his I-589 application is scheduled on September 1, 2020, while in his Motion, he states that it is scheduled on August 4, 2020. (Docs. 1 ¶¶ 6, 21; 2 ¶ 3.) On April 16, 2020, Petitioner submitted a humanitarian parole request pursuant to INA § 212(d)(5)(A) (*id.* ¶ 24), in which he provided proof of his diagnosed metabolic syndrome,[3] which may increase by ten-fold the risk of death if Petitioner contracts COVID-19, as well as Bell's palsy (*id.* Ex. 1).[4] On May 15, 2020, Petitioner's counsel contacted

---

[1] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2019-156312 (last accessed June 12, 2020). On March 11, 2020, the Superior Court issued a bench warrant for Petitioner. *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Criminal/032020/m9072679.pdf (last accessed June 12, 2020). A bond forfeiture hearing is scheduled on August 27, 2020. *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn= Criminal/062020/m9166561.pdf (last visited June 12, 2020).

[2] Petitioner states that he intends to file an application for special rule cancellation of removal based on having been abused by his father, a Lawful Permanent Resident, shortly after Petitioner entered the United States. (*Id.*)

[3] Metabolic syndrome is a combination of heart problems, high blood pressure and obesity. (*See* Doc. 1-1 at 1, 5-13.) Letters from Petitioner's medical provider reflect that Petitioner is also borderline diabetic.

[4] INA § 212(d)(5)(A) grants Respondents discretion to grant parole on a temporary basis for "urgent humanitarian reasons."

ICE for a decision on his parole request; a deportation officer confirmed that "ICE Eloy" had received the humanitarian parole request on April 16, 2020, which remained pending with a decision expected shortly. (Doc. 1 ¶ 27.) On June 1 and 3, 2020, Petitioner's counsel was told that no decision had been made. (*Id.* ¶ 29.) Petitioner indicates that his "Withholding Grant" has been appealed to the Board of Immigration Appeals (BIA). (Doc. 2 ¶ 9.)

As of June 11, 2020, LPCC had 78 cases of COVID-19. If Petitioner contracts COVID-19, he claims that he faces an exponentially greater risk of serious harm or death as a result of his underlying medical conditions. Petitioner alleges that he lives in a pod or tank and shares common spaces and medical facilities with hundreds of other detainees and that even if the conditions were improved, he still will be forced to share showers, telephones, and sinks with dozens of others, and be exposed to potential infection by continually rotating staff. Petitioner indicates that he lacks personal protective equipment (PPE), adequate medical care, or the ability to practice social distancing.

**II.     Petition and Complaint**

In the Petition and Complaint, Petitioner names United States Attorney General William Barr, Acting DHS Secretary Chad Wolf, Acting United States Immigration and Customs Enforcement ("ICE") Thomas Homan,[5] Acting ICE Phoenix Field Office Director Albert Carter, and La Palma Correctional Center Warden Chris Howard as Respondents.[6] Petitioner brings two grounds for relief.

Petitioner claims: (1) his continued detention violates his substantive due process rights because it allows the government to infringe his fundamental liberty interest in his right to live under the Fifth Amendment's Due Process Clause; and (2) his continued

---

[5] Acting Director Matthew T. Albence will be substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[6] Under the rationale articulated in *Armentero, infra*, and in the absence of authority identifying the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss the individual Respondents or the Petition for failure to name a proper respondent at this stage. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent to an immigration habeas corpus petition).

detention violates his procedural due process rights.  He claims the government's decision to deny or unduly delay his release from custody was unilateral and against medical advice and there is a substantial risk of an erroneous deprivation of Petitioner's life.

In his prayer for relief, Petitioner requests the following:  (1) enjoin Respondents from detaining Petitioner and order Respondents to promptly release Petition under appropriate safeguards; (2) grant a writ of habeas corpus requiring Respondents to show cause why Petitioner should not be released from custody; (3) award Petition reasonable costs and attorneys' fees incurred as a result of bringing this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and (4) grant any further relief the Court deems fit.

The Court will require Respondents to answer the Petition.

### III. Motion for Temporary Restraining Order or Preliminary Injunction

Petitioner moves the Court to enjoin Respondents from continuing to detain him and to order Respondents to promptly release Petitioner because his continued detention pending resolution of his request for humanitarian parole, or the denial of humanitarian parole, is arbitrary and capricious.  (Doc. 2.)

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co*., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).   Where a movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'"  *Hernandez v. Sessions,* 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH &*

*Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order (TRO) may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

Petitioner moves the Court to enjoin Respondents from continuing to detain him and to order them to promptly release Petitioner because the "Respondents have exercised their discretion under INA § 212(d)(5)(A) and decided either not to grant humanitarian parole or are unreasonably delaying their decision." (Doc. 2 ¶ 4.) Petitioner summarily claims that he is likely to succeed on the merits. He asserts that he has shown that he is likely to suffer irreparable harm absent injunctive relief because his continued detention increases the likelihood of exposure to COVID-19, and that if contracted, he faces a ten-fold risk of serious consequences up to death. He contends that Respondents' decision to deny or unduly delay his release is unilateral and against medical advice. (*Id.* ¶ 8.) He argues that the risk of "an erroneous deprivation of the Petitioner's life is substantial." (*Id.*) He asserts the equities tip strongly in his favor because of the potential consequences of exposure to COVID-19. Petitioner does not address public interest.

Although the circumstances alleged provide cause for accelerated consideration, Petitioner has not shown that he will suffer irreparable injury before Respondents can be heard in opposition or have had an opportunity to answer the Petition. He therefore fails to meet his burden to demonstrate that he is entitled to immediate or preliminary injunctive relief, and his Motion will be denied without prejudice. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

**IT IS ORDERED**:

(1) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, and (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Howard, Carter, Albence, Wolf, and Barr pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(2) Respondents Howard, Carter, Albence, Wolf, and Barr shall have **14 days** from the filing date of this Order to answer the Petition.  Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(3) Petitioner shall have **7 days** from the filing of Respondents' Answer to the Petition to file a Reply.

(4) Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **2 days** of any material change in his custody or immigration status.  Petitioner may not include a motion for other relief with the Notice.

(5) Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2) is **denied** without prejudice.

(6) The Clerk of Court shall **email** a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Peter M. Lantka at peter.lantka@usdoj.gov and Mary Finlon at mary.finlon@usdoj.gov.

Dated this 19th day of June, 2020.

Michael T. Liburdi
United States District Judge

- 6 -