WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Omar Dimas Bernal,

                Petitioner,

v.

William P. Barr, et al.,

                Respondents.

No.  CV-20-01164-PHX-MTL (CDB)

**ORDER**

       On June 11, 2020, Petitioner Omar Dimas Bernal (A# 202-014-943), who is detained in CoreCivic La Palma Correctional Center ("LPCC") in Eloy, Arizona, filed, through counsel, a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Doc. 1) and a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2), seeking his release due to the potential risks to his health if he were to contract COVID-19 in LPCC.  In a June 19, 2020 Order (Doc. 6), the Court denied the Motion but, finding the circumstances alleged warranted accelerated consideration, set expedited briefing deadlines for the Petition.

       On July 2, 2020, Respondents filed an Answer to the Petition arguing, among other things: (1) Petitioner's claims are not cognizable under 28 U.S.C. § 2241; (2) Petitioner's release is not an appropriate remedy for his claims; (3) Petitioner's allegations are insufficient to support his claims that his detention violates due process; and (4) a habeas corpus petition is not the proper vehicle for a claim under the Administrative Procedure Act. (Doc. 13.)  The deadline for Petitioner to file a Reply in support of his Petition was

July 9, 2020.  To date, no such reply has been filed, nor has Petitioner taken any other action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that if a "plaintiff fails to prosecute or to comply with the[] rules or a court order, a defendant may move to dismiss the action or any claim against it."[1]  The district court also has the inherent power to dismiss a case sua sponte for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules.  *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) (recognizing that even though the language of Rule 41(b) requires a motion, the district court has sua sponte authority to dismiss for failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to comply with local rules is a proper ground for dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with an order of the court); *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990).  In determining whether Petitioner's failure to prosecute warrants dismissal pursuant to Rule 41(b), the Court weighs "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Having considered the five factors here, the Court concludes that dismissal is warranted.  Petitioner's failure to file a Reply despite the arguments raised by Respondents in their Answer, shows that Petitioner has lost interest in prosecuting, and has abandoned this case.  While public policy favors disposition of cases on their merits, proceeding without a Reply from Petitioner would needlessly consume judicial resources and prolong the resolution of this action.  Dismissal will not prejudice Respondents, and the less drastic

---

[1] "To the extent they are not inconsistent" with the governing statutes and rules, the Federal Rules of Civil Procedure apply to habeas corpus proceedings.  Rule 12, foll. 28 U.S.C. § 2254; *see also* Rule 1(b), foll. 28 U.S.C. § 2254 (the Rules Governing Section 2254 Cases in the United States District Courts apply to § 2241 habeas corpus proceedings).

alternative of dismissal without prejudice is available and appropriate in this instance. The Petition and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED**:

(1) Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Doc. 1) and this action are **dismissed without prejudice** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(2) The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 24th day of July, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge